FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 SEP 20 AM 8:31
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| DAVID HARRIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 111-203 |
| ) | |
| JASON MEDLIN, Warden,[1] ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner brought the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is currently before the Court on Respondent's "Motion to Dismiss Petition as Untimely." (Doc. no. 6.) Petitioner opposes the motion. (Doc. no. 8.) For the reasons stated below, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion be **DENIED**.

I.  **BACKGROUND**

On July 19, 1991, Petitioner pleaded guilty, in the Superior Court of Jefferson County, to two counts of murder, one count of kidnapping, one count of burglary, one count of theft by taking of a motor vehicle, and two counts of aggravated assault. (Doc. no. 7, Resp't Exs. 1 & 2.) Petitioner was sentenced to life imprisonment for each count of murder and kidnapping, twenty (20) years for the count of burglary and each count of aggravated

---

[1] Petitioner is incarcerated at Wheeler Correctional Facility, where the warden is Jason Medlin. As the warden of Petitioner's current place of incarceration is the proper Respondent in this case, pursuant to Fed. R. Civ. P. 25(d), the **CLERK** is **DIRECTED** to substitute Jason Medlin as Respondent in this case.

assault, and seven (7) years for the count of theft, all to be served concurrently. (Id.) On September 18, 1995, Petitioner filed a "Motion to Correct Void Sentence" in the Jefferson County Superior Court. (Doc. no. 1-3, pp. 2-7.) The record does not contain any disposition of this request, and Petitioner asserts that the motion is now, nearly seventeen years later, still pending and awaiting resolution. (Doc. no. 1, p. 3.)

On February 12, 2010, Petitioner filed a state habeas petition in the Ware County Superior Court, which was dismissed as time-barred under the Official Code of Georgia Annotated ("O.C.G.A.") § 9-14-42(c) on September 13, 2010 (id. at 7), and a copy of which he also includes with his petition. (Doc. no. 1-3, pp. 8-12.) Thereafter, on January 23, 2012, the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal, which was also untimely. (Doc. no. 7, Resp't Ex. 5.) Petitioner submitted the instant federal petition on December 12, 2011, which was filed by the Clerk of Court on December 14, 2011, and which alleges twelve grounds for relief. (Doc. no. 1.) In an Order granting Petitioner's request to proceed *in forma pauperis* and requiring Respondent to answer Petitioner's allegations, the Court observed that the petition might be untimely and that it was unclear on certain key points, and accordingly directed Respondent to specifically address whether Petitioner's application for State post-conviction review was properly filed, and whether the pendency of that application effectively tolls the applicable statute of limitations. (Doc. no. 3, p. 2.)

In response, along with his answer (doc. no. 5), Respondent filed the instant motion, in which he asks the Court to dismiss the petition as untimely, arguing that the federal petition is barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (See generally doc. nos. 6, 6-1.) As to the effect of

2

Petitioner's motion to correct a void sentence filed in September 1995, Respondent originally argued that the motion was also untimely filed under state law, and that it thus would not have tolled the one-year statute of limitations under the AEDPA. (Doc. no. 6-1, p. 5.) In support of that argument, Respondent noted that, under the law in effect at the time of Petitioner's 1991 convictions - O.C.G.A. § 17-10-1 (1991) - the sentencing judge had no authority to suspend, probate, modify, or change petitioner's sentence after the term of court or sixty days from the date of the sentence's imposition, per the language of the statute. (Id.) Since the next term of court following Petitioner's sentencing began on November 12, 1991, Respondent argued, Petitioner's September 18, 1995, motion to correct a void sentence was untimely by nearly four years. (Id.)

In his response to the motion to dismiss, Petitioner argues that his motion to correct a void sentence was, in fact, timely filed pursuant to O.C.G.A. § 17-9-4 (1995). Petitioner asserts that § 17-9-4, along with "constitutionalized case law [judgments]," allows for the filing of a direct attack on a void sentence "at any time in the trial court." (Doc. no. 8, pp. 1-2.) Petitioner further asserts that, since his motion to correct a void sentence was properly filed on September 18, 1995, that motion, which is still pending, effectively tolled the AEDPA's one-year statute of limitations, which otherwise would have started to run on April 24, 1996. (Id. at 9-10.)

Following Petitioner's response to the motion to dismiss, the Court concluded in an Order that the issue of timeliness could not be resolved without further information on Petitioner's motion to correct a void sentence and directed Respondent to address in a brief the tolling implications of that motion; specifically, the Court directed that Respondent address whether the motion was properly filed and, if so, whether the pendency of the motion

tolls the statute of limitations. (Doc. no. 9, pp. 5-6.) The Court further directed Respondent to submit documentation concerning the final disposition of Petitioner's motion to correct a void sentence, should any be available. (Id.)

In his supplemental brief responding to the Court's Order, Respondent states that he has been unable to determine whether there has been an order on Petitioner's motion. (Doc. no. 12, p. 2.) He additionally submits a copy of a handwritten note that he received from the Jefferson County Superior Court Clerk's Office in response to his request for information concerning the motion and its disposition, which indicates that the Clerk's Office has no record of the motion. (Id.; see also doc. no. 13-1.) Respondent apparently made no further attempts to ascertain the status of the motion, but concedes in his brief that the issue that Petitioner raises in that motion is the type of issue contemplated by O.C.G.A. § 17-9-4, and that the motion is thus not subject to time restrictions. (Doc. no. 12, p. 3.) However, rather than withdrawing his motion to dismiss, Respondent instead requests that, in the event that the Court finds that Petitioner's 1995 motion to correct void sentence tolls the statute of limitations, he be given a reasonable period of time to address the substance of the federal petition. (Id. at 4.)

## II. DISCUSSION

In this case, Petitioner has provided a stamp-filed copy of his motion to vacate a void sentence from September of 1995. Respondent has reviewed the provided copy and has failed to pursue the issue of the disposition of that motion outside of his provision of a single handwritten note from the Jefferson County Superior Court Clerk's Office that states that the Clerk's Office has no record that the motion was ever filed. The instant case thus presents the deplorable situation of an individual whose motion to correct a void sentence has

4

languished in the state court system for nearly seventeen years.² As explained more fully below, the Court finds that Petitioner's motion effectively tolled the statute of limitations for filing a federal habeas petition.

As an initial matter, the Court notes that, in the Eleventh Circuit, petitions filed after the enactment date of the AEDPA but attacking convictions which became final prior to that date are subject to a bright-line rule. Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998) (*per curiam*). Prisoners whose convictions became final prior to the effective date of the AEDPA must be given a reasonable time after the statute's enactment to file their motions for habeas corpus relief, and "a reasonable period is until April 23, 1997, one year from the date of enactment of § 105 of the AEDPA." Id. (quoting Goodman v. United States, 151 F.3d 1335, 1337 (11th Cir. 1998)). Thus, prisoners seeking federal habeas corpus relief from a conviction that became final prior to April 24, 1996 must have filed their petition in federal court by April 23, 1997, one year after the effective date of the AEDPA. Here, because Petitioner's conviction became final prior to that effective date, he had one year from April 24, 1996, in which to file his petition. Goodman, 151 F.3d at 1337.

28 U.S.C. § 2244(d)(2) establishes that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation."

---

²Unfortunately, the Court notes that this is not the first time that it has received a § 2254 petition under circumstances such as these. In the case of Sloan v. Chapman, a petitioner whose motion for a new trial had gone unresolved for eleven years in the Richmond County Superior Court filed a petition for relief under § 2254. See CV 110-096, doc. no. 14 (S.D. Ga. Jan. 31, 2011). In that case, the respondent's motion to dismiss for failure to exhaust was denied because of the extreme delay in resolving the motion for new trial. Id., doc. nos. 14 & 17.

Furthermore, a motion to correct a void sentence qualifies as the kind of "collateral review" that can effectively toll the AEDPA statute of limitations if properly filed. See Estes v. Chapman, 382 F.3d 1237, 1240 (11th Cir. 2004) (holding that a properly filed motion to vacate a void sentence "tolled the limitations period for filing a federal habeas petition"). Thus, whether or not a motion to correct a void sentence does, in fact, effectively toll the AEDPA statute of limitations depends on whether or not it was properly filed to comport with the rules of § 2244(d)(2).

"An application is 'filed,' as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record." Artuz v. Bennett, 531 U.S. 4, 8 (2000). Furthermore, an application "is *properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Id. The rules governing filings "usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Id.

Although Respondent was correct in noting that, under the law in effect at the time of Petitioner's 1991 sentencing, the statute of limitations for changes in sentencing required that such motions be brought before the expiration of the sentencing court's term or within sixty days of the original sentencing (see O.C.G.A. § 17-10-1 (1991)), courts have since held, and the Georgia law allows, motions to correct a void sentence to be brought at any time. O.C.G.A. § 17-9-4 (1995) establishes that the judgment of a court that is void for [any cause] "is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it." Accordingly, Eleventh Circuit case law has held that Georgia law establishes a legal fiction wherein the trial court may grant a motion correcting a void

sentence at any time if the motion is "meritorious," but "loses jurisdiction" to deny motions "lack[ing] merit," since "[the court] may only modify a sentence after the expiration of the sentencing court's term if the sentence is void." Estes, 382 F.3d at 1239-40. Thus, as Respondent concedes, a motion to correct a void sentence such as the one filed by Petitioner is the type of motion contemplated by O.C.G.A. § 17-9-4, and is not subject to time constraints.

In this case, Petitioner offers convincing evidence that he did, in fact, file a motion to correct a void sentence on September 18, 1995, given that the submitted copy of the motion is clearly stamped as filed on that date by the Deputy Clerk of the Superior Court in Jefferson County. (Doc. no. 1-3, p. 2.) Since a motion to vacate a void sentence qualifies as the kind of "collateral review" that can effectively toll the AEDPA statute of limitations, and since Petitioner provides a stamped copy of his motion and Respondent shows nothing to refute that the motion was filed, the Court finds that the motion was pending when the AEDPA was enacted in 1996. Furthermore, since the AEDPA's enactment coincided with the beginning of the one-year statute of limitations that applied to Petitioner's 1991 conviction, the motion appears to have been timely filed for purposes of tolling the statute of limitations. See Estes, 382 F.3d at 1239; see also Artuz, 531 U.S. at 8. The motion appears to be otherwise "properly filed" as well: it was filed in the Jefferson County Superior Court, the origin of Petitioner's challenged sentence; it concisely lays out Petitioner's argument; it is signed and dated; and it contains a Certificate of Service. Artuz, 531 U.S. at 8.

As noted above, Respondent offers no explanation for the apparent loss of Petitioner's motion, nor does he explain the state court's failure to act once the motion was brought to

7

its attention, despite the Court having raised the issue and having directed that Respondent address it and obtain relevant documentation as to the motion's status and disposition. (See doc. no. 3, p. 2; see also doc. no. 9, p. 6.) Indeed, all that Respondent has been able to show is that the Jefferson County Superior Court inexplicably has no record that Petitioner's motion was ever filed. (Doc. no. 13-1, p. 1.) While it may be that the Jefferson County Superior Court has no record of Petitioner's motion, Petitioner's submitted copy of the motion, which is stamped and dated by the court clerk, makes a convincing case that the motion was, in fact, filed, and has therefore been pending for nearly seventeen years. (Doc. no. 1-3, pp. 2-6.)

In sum, in light of Petitioner's showing that his "Motion to Correct Void Sentence" was properly filed in September 1995, and in the absence of any showing that the motion was ever considered, ruled on, or otherwise disposed of, the Court finds that Petitioner's motion remains pending in September 2012, nearly seventeen years later, and that it accordingly tolled the statute of limitations for filing a federal habeas petition under the AEDPA. The Court refuses to leave Petitioner in an interminable state of limbo by ruling that his habeas petition is time-barred while the state court simultaneously allows his motion to correct a void sentence - a valid tolling mechanism - to remain in a state of ongoing pendency. Accordingly, Respondent's motion to dismiss the instant petition as untimely should be **DENIED**.

III. **CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Respondent's "Motion to Dismiss Petition as Untimely" be **DENIED**. (Doc. no. 6.) Should

the presiding District Judge adopt this recommendation, Respondent should have thirty (30) days from the date of the adoption order to file his brief on the merits in compliance with Rule 5 of the Rules Governing 2254 Cases in United States District Courts, as explained in the Court's February 6, 2012 Order.

SO REPORTED and RECOMMENDED this 20th day of September, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE