FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 FEB 14 PM 12:46
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| DAVID HARRIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 111-203 |
| ) | |
| JASON MEDLIN, Warden, ) | |
| ) | |
| Respondent. ) | |

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate incarcerated at Wheeler Correctional Facility in Alamo, Georgia, brought the above-captioned petition pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

## I. BACKGROUND

In August of 1990, a Jefferson County grand jury indicted Petitioner for two counts of malice murder. (Doc. no. 23-1, pp. 1-2.) Petitioner subsequently escaped from Jefferson County Jail, where he was being held pending the murder charges, and engaged in a number of activities that resulted in his recapture and a second indictment in July of 1991. (Doc. no. 23-2, pp. 22-24; doc. no. 23-3, pp. 1-3.) On that occasion, Petitioner was indicted by a Jefferson County grand jury for one count of kidnapping, one count of burglary, one count of motor vehicle theft, and two counts of aggravated assault. (Doc. no. 23-3, pp. 1-3.) On July

19, 1991, Petitioner pleaded guilty to each charge from both indictments, and was sentenced to one term of life imprisonment for each count of murder, one term of life imprisonment for kidnapping, twenty years of imprisonment for burglary, seven years of imprisonment for motor vehicle theft, and twenty years of imprisonment for each count of aggravated assault, all sentences to be served concurrently. (Doc. nos. 7-1, 7-2.) Notably, Petitioner did not file a direct appeal of his convictions. (See doc. no. 1, p. 2.)

As the Court explained in its September 20, 2012 Report and Recommendation recommending the denial of Respondent's motion to dismiss the petition as untimely, Petitioner next filed a "Motion to Correct Void Sentence" in the Jefferson County Superior Court on September 18, 1995, which, according to the evidence submitted in this case, has remained open and pending since that time. (See generally doc. no. 16.) In short, Respondent has been unable to submit any evidence indicating that the motion was ever ruled upon, and thus the Court concluded that the motion effectively tolled the statute of limitations for filing a federal habeas petition under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (Id. at 5.)

Next, on August 24, 2010, Petitioner filed a state habeas petition in the Superior Court of Ware County. (Doc. no. 7-3, pp. 1-6.) Although neither party has submitted a complete copy of Petitioner's state petition, Petitioner asserts in his federal petition that each claim asserted therein was previously raised in state court.[1] (See generally doc. no. 1.) For ease of

---

[1] In the instant petition, Petitioner refers to an attached copy of his state habeas petition (doc. no. 1, p. 6), but such a copy has not actually been attached. Likewise, the copy of the petition submitted by Respondent is incomplete, in that, although Petitioner has written "see attachment" after each ground for relief, Respondent has not provided the attachment. (See doc. no. 7-3, p. 5.) Petitioner has, however, provided a copy of the

2

analysis, and because neither party disputes the issue, the Court assumes that Petitioner asserted the same claims in his state petition that he asserts in the instant petition, as set forth in greater detail infra. The Superior Court of Ware County dismissed Petitioner's state habeas petition as untimely on September 15, 2010, and accordingly declined to address the merits of any claims asserted therein. (See doc. no. 7-4.) On March 30, 2011, Petitioner submitted an application for a certificate of probable cause to appeal to the Georgia Supreme Court (see doc. no. 7-5), and then, without having received a response, filed the above-captioned petition on December 14, 2011 (doc. no. 1).[2]

In his federal habeas petition, Petitioner asserts the following grounds for relief:

(1) the trial court had no jurisdiction to accept Petitioner's guilty plea and to sentence him on two counts of murder, in violation of his due process rights under the Fifth Amendment and the prohibition against cruel and unusual punishment under the Eighth Amendment;

(2) Petitioner's guilty plea to a life sentence for kidnapping was involuntary and void pursuant to the due process clause because neither he, his counsel, nor the trial court judge understood that the maximum penalty for simple kidnapping is only twenty years;

(3) Petitioner did not waive his constitutional rights under the Fifth, Sixth, and Fourteenth Amendments at the time of his guilty plea;

(4) his guilty plea to the two murder counts was involuntary because he was not clearly informed of the nature of the charges against him;

(5) his convictions and sentences for the two murder counts are invalid because

---

Superior Court of Ware County's final order dismissing his state habeas petition. (Doc. no. 1-3, pp. 8-12.) Moreover, the Court notes that neither party contests the nature of the claims raised in the state habeas petition.

[2]Shortly thereafter, on January 23, 2012, the Georgia Supreme Court directed that Petitioner's application for a certificate of probable cause to appeal be dismissed, noting that it too was untimely filed. (Doc. no. 7-5.)

3

the trial court failed to grant a first appearance hearing while he was incarcerated in jail without bail;

(6) the officers who arrested Petitioner lacked probable cause for doing so without a warrant;

(7) Petitioner's convictions and sentences for the two murder counts are invalid because the trial court failed to hold a preliminary hearing when he was arrested without a warrant and incarcerated in jail without bail;

(8) his convictions and sentences for the two murder counts are invalid because the trial court failed to return a grand jury indictment against Petitioner within forty-eight hours of his arrest and detention;

(9) there is no legal cause for his confinement because there is no final disposition sheet or judge's certificate to certify that Petitioner's guilty plea concerning the two murder counts was voluntary;

(10) the trial court engaged in judicial misconduct, bias, perjury, and fraud by misstating that Petitioner was charged with two counts of murder in an indictment returned by the Jefferson County grand jury in the May 1990 term;

(11) Petitioner received ineffective assistance of trial counsel, in that trial counsel:
 (a) incompetently advised and misled Petitioner to plead guilty to the two murder counts in the absence of a grand jury indictment;
 (b) incompetently advised and misled Petitioner to plead guilty to a life sentence based on an indictment charging only simple kidnapping and not kidnapping with bodily injury;
 (c) failed to move for a first appearance hearing;
 (d) failed to reveal during pre-trial and trial proceedings that the State made a malicious misrepresentation by alleging that witnesses made statements, the scene was investigated by police, and guns and shell casings were recovered, when those things did not actually happen;
 (e) failed to have an autopsy conducted on the murder victims to determine their cause and time of death;
 (f) failed to conduct any pre-trial investigation of the crime scene;
 (g) failed to make photos or video recordings so that the trial judge and jury could see what the crime scene looked like;
 (h) failed to interview witnesses listed in the indictment face to face;
 (i) failed to use evidence from the State's lab reports to substantiate Petitioner's innocence, to take advantage of exculpatory evidence from the State's scientific testing, and to review and research the State's lab test results;

> (j) failed to thoroughly research and adequately review the law and facts of the case;
> (k) failed to file a litany of pre-trial motions; and
> (l) failed to adequately investigate the law and facts of the case; and
>
> (12) the prosecution committed perjury and fraud by misrepresenting to the trial court that the evidence would show that all of the shells found at the scene of the crime came from the gun that was in Petitioner's possession.

(Doc. no. 1-1, pp. 2-37.) In his answer and amended answer, Respondent submits that Petitioner is not entitled to relief on his claims because they are all procedurally defaulted and because Petitioner has not made the requisite showing to overcome that procedural bar. (Doc. nos. 5, 20.) Petitioner filed a response and brief in reply to Respondent's amended answer in which he argues the merits of his claims and disputes Respondent's contentions, asserting in particular that his claims, even if procedurally defaulted, should be considered in order to avoid a fundamental miscarriage of justice. (See generally doc. nos. 24, 25.) The Court resolves the matter as follows.

## II. STANDARD OF REVIEW

The AEDPA, signed into law on April 24, 1996, amended § 2254(d) to provide:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

5

The United States Supreme Court has characterized § 2254(d) as "part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. ___, 131 S. Ct. 770, 787 (2011). Accordingly, § 2254(d) creates a "difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." Cullen v. Pinholster, 563 U.S. ___, 131 S. Ct. 1388, 1398 (2011) (quoting Harrington, 131 S. Ct. at 786; Woodford v. Visciotti, 537 U.S. 19, 24 (2002)) (internal citation omitted).

In Brown v. Payton, 544 U.S. 133, 141 (2005), the Supreme Court explained the difference between the "contrary to" and "unreasonable application" clauses in § 2254(d)(1) as follows:

> The AEDPA provides that, when a habeas petitioner's claim has been adjudicated on the merits in state-court proceedings, a federal court may not grant relief unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

Id. (internal citations omitted). Thus, under § 2254(d)(1), it is not enough to demonstrate that a state court's decision is "incorrect or erroneous"; only a showing that the decision was "objectively unreasonable" will entitle a petitioner to relief. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003). In addition, "review under § 2254(d)(1) is limited to the record that was

before the state court that adjudicated the claim on the merits." Cullen, 131 S. Ct. at 1398. In sum, a habeas petition may be granted if "the state court's decision was contrary to, or involved an objectively unreasonable application of, the governing Federal law set forth by Supreme Court cases." McIntyre v. Williams, 216 F.3d 1254, 1257 (11th Cir. 2000).

Moreover, the AEDPA mandates a highly deferential standard of review for state court factual determinations. With regard to factual determinations, a federal habeas court may only grant relief if a state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); see also Wood v. Allen, 558 U.S. 290, 130 S. Ct. 841, 848-49 (2010) ("The term 'unreasonable' is no doubt difficult to define. It suffices to say, however, that a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." (internal citation and punctuation omitted)). Additionally, § 2254(e)(1) provides that "a determination of a factual issue made by a State court shall be presumed to be correct" and that the habeas petitioner has the burden of rebutting that presumption "by clear and convincing evidence." See also Stephens v. Hall, 407 F.3d 1195, 1202 (11th Cir. 2005) ("Our review of findings of fact by the state court is even more deferential than under a clearly erroneous standard of review.").

## III. DISCUSSION

### A. Exhaustion and Procedural Default Rules Explained

The AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available

procedure, in state court. 28 U.S.C. § 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). In reference to this requirement, the Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

As the Eleventh Circuit has explained, "[a] state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). The exhaustion requirement applies with equal force to all constitutional claims, including claims of ineffective assistance of counsel. Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992) ("[A] habeas petitioner may not present instances of ineffective assistance of counsel in his federal petition that the state court has not evaluated previously."). Furthermore, a petitioner's failure to exhaust his claims properly ripens into a procedural default once state remedies are no longer available. McNair v. Campbell, 416 F.3d 1291, 1305 (11th Cir. 2005) ("It is well established that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure also constitutes a procedural bar.").

A federal habeas petitioner can run afoul of procedural default rules in one of two ways. First, a federal habeas petitioner can improperly attempt to revive an old claim that a state court has previously denied on procedural grounds. When a state court denies a constitutional claim on "adequate and independent"[3] state procedural grounds, the district court is precluded from later reviewing the merits of the claim on collateral attack. Boyd v. Comm'r, Ala. Dep't of Corr., 697 F.3d 1320, 1335-36 (11th Cir. 2012); Judd, 250 F.3d at 1313.

Likewise, a federal habeas petitioner runs afoul of procedural default rules when he attempts to bring a new claim that would be procedurally barred if he attempted to raise it in state court. In such instances, the petitioner's failure to bring the claim properly in state court has "matured into a procedural default." Smith v. Jones, 256 F.3d 1135, 1139 (11th

---

[3]A state court decision rests upon "adequate and independent" state procedural grounds when it satisfies the following three-part test:

> First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim. Secondly, the state court's decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law. Finally, the state rule must be adequate, *i.e.*, it must not be applied in an arbitrary or unprecedented fashion. The state court's procedural rule cannot be "manifestly unfair" in its treatment of the petitioner's federal constitutional claim to be considered adequate for the purposes of the procedural default doctrine.

Judd, 250 F.3d at 1313 (internal quotations and citations omitted). Additionally, the Supreme Court recently made clear that "a state procedural bar may count as an adequate and independent ground for denying a federal habeas petition even if the state court had discretion to reach the merits despite the default." Walker v. Martin, 131 S. Ct. 1120, 1125 (2011) (citing Beard v. Kindler, 558 U.S. 53, 130 S. Ct. 612 (2009) (stating that a discretionary state procedural rule can serve as an adequate procedural bar to federal habeas review because such a rule is considered "firmly established")).

Cir. 2001). Simply put, if a claim has not been "fairly presented in the state courts, it is procedurally defaulted." Jones v. Campbell, 436 F.3d 1285, 1304 (11th Cir. 2006).

Of note here, pursuant to a Georgia law that became effective on July 1, 2004, there is a four-year statute of limitations for filing habeas corpus petitions concerning felony convictions. O.C.G.A. § 9-14-42(c). More specifically, a person must file a habeas corpus petition within four years of the judgment of convictions becoming final. Id. § 9-14-42(c)(1). Additionally, the statute establishes a four-year "grace period" for challenged convictions that became final prior to July 1, 2004, such that state petitions concerning those convictions must have been filed by July 1, 2008. Id. Importantly, claims raised in state habeas petitions that are not timely filed pursuant to state law statutes of limitations are procedurally barred from being subsequently brought in federal court. See Hurth v. Mitchem, 400 F.3d 857, 864 (11th Cir. 2005) (holding that federal habeas petition was procedurally barred where petitioner's state postconviction relief petition was dismissed as untimely under state's statute of limitations).

Of course, the Eleventh Circuit has explained that a procedural default may be excused if certain conditions are met:

> A petitioner may obtain federal review of a procedurally defaulted claim if he can show both cause for the default and actual prejudice resulting from the default. Additionally, in extraordinary cases, a federal court may grant a habeas petition without a showing of cause and prejudice to correct a fundamental miscarriage of justice.

Jones, 436 F.3d at 1304 (internal citations omitted). Cause entails a showing "that some objective factor external to the defense impeded" efforts to comply with the state procedural

10

rule. Coleman v. Thompson, 501 U.S. 722, 753 (1991).[4] A state petitioner may also demonstrate cause to overcome a procedural default by demonstrating that he received constitutionally ineffective assistance of counsel. Turpin v. Todd, 493 S.E.2d 900, 906 (Ga. 1997). The narrow fundamental miscarriage of justice exception, on the other hand, encompasses the extraordinary instance in which a constitutional violation probably has resulted in the conviction of one actually innocent of the crime. Murray v. Carrier, 477 U.S. 478, 496 (1986).

### B. Federal Petition is Procedurally Barred

Here, as noted above, Petitioner's convictions became final in August of 1991, when the requisite thirty days within which to appeal pursuant to O.C.G.A. § 5-6-38 had elapsed following his guilty plea on July 19, 1991. (Doc. nos. 7-1, 7-2; see also doc. no. 7-4, p. 3.) Therefore, pursuant to O.C.G.A. § 9-14-42, Petitioner had until July 1, 2008, within which to file a state habeas petition concerning those convictions. As pointed out by Respondent, Petitioner did not file his state habeas petition until February 12, 2010 (see doc. no. 7-4, p. 2), nearly two years after the grace period ended. (Doc. no. 20-1, pp. 8-9.) Accordingly, the state court properly dismissed the petition as untimely, rendering further state remedies unavailable; thus, the federal petition is procedurally barred. McNair, 416 F.3d at 1305. Moreover, the procedural rule relied upon by the state habeas court constitutes an independent and adequate state procedural ground, in that the state habeas court clearly and

---

[4]If a petitioner is able to prove cause, he must then show prejudice by demonstrating that the errors at trial not only "'created a *possibility* of prejudice, but that they . . . infect[ed] his entire trial with error of constitutional dimensions.'" Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).

11

expressly stated that it was relying on the rule to resolve the claim without reaching its merits (doc. no. 7-4, pp. 2-5), because the rule is exclusively a state doctrine, and because the rule is regularly applied by Georgia state courts. See Roberts v. Cooper, 691 S.E.2d 875, 877 (Ga. 2010); Hutchison v. Jarriel, 692 S.E.2d 383, 384 (Ga. 2010); Harris v. Tatum, CV 110-65, 2011 WL 53197, at *2 (M.D. Ga. Jan. 5, 2011).

Notably, Petitioner appears to concede that his claims are procedurally barred and has made absolutely no effort to demonstrate cause – let alone prejudice – as to his default, opting instead to argue that his claims must be considered to avoid a fundamental miscarriage of justice.[5] (See doc. no. 25, p. 5.) To the extent that Petitioner seeks to rely on his 1995 motion to correct a void sentence to show cause for or otherwise justify his substantial delay in filing a state habeas petition, the Court first notes that the motion does not operate as a valid tolling mechanism under O.C.G.A. § 9-14-42, which, unlike 28 U.S.C. § 2244, does not contain a provision contemplating tolling the time for filing.[6] Even if

---

[5]In fact, although Respondent explicitly raised the issue of cause and prejudice in his amended answer (doc. no. 20-1, p. 11), Petitioner has failed to address that issue in any capacity.

[6]Specifically, the applicable statute clearly establishes that a state habeas petition based on a felony conviction must be brought within four years of "the judgment of conviction becoming final by the *conclusion of direct review or the expiration of the time for seeking such review*," or by July 1, 2008, for convictions that became final prior to July 1, 2004. O.C.G.A. § 9-14-42(c)(1) (emphasis added). As noted, the statute does not contain a tolling provision like § 2244, which allows for the tolling of the time for filing based on a "properly filed application for State post-conviction or other collateral review."

Here, Petitioner did not file a direct appeal following his convictions in 1991, and the 30-day period of time for seeking direct review expired thirty days after those convictions. Critically, Petitioner's 1995 motion to correct a void sentence does not constitute direct review of his sentence, but is instead properly classified as "collateral review." See Estes v. Chapman, 382 F.3d 1237, 1240 (11th Cir. 2004). Given that O.C.G.A. § 9-14-42(c)(1) explicitly premises the finality of conviction on "the conclusion of *direct review* or the

12

Petitioner's delay in filing his state habeas petition was, in fact, misguidedly premised on his awaiting resolution of that motion, it would be entirely unreasonable for him to have waited fifteen years for a result before so filing, and the Court would not find valid cause based on such a delay. To the extent that Petitioner alternatively seeks to rely on his claims for ineffective assistance of counsel to show cause for his default, those claims concern only his trial counsel's alleged ineffectiveness at the trial court level, and are entirely unrelated to his almost twenty-year delay in filing a habeas petition following his sentencing in 1991. Turpin, 493 S.E.2d at 906; see also Coleman, 501 U.S. at 753 (noting that, in consideration of petitioner's attempt to show cause through ineffective assistance of counsel, "'cause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him"). In short, Petitioner has not shown cause for his default; because he has not demonstrated cause, the Court does not reach the issue of prejudice. See Johnson, 256 F.3d at 1171.

As noted above, Petitioner attempts to argue that, despite the fact that his claims are procedurally barred, they should be considered to avoid a fundamental miscarriage of justice. (Doc. no. 25, pp. 5-8.) In support of that assertion, Petitioner argues that he is "actually

---

expiration of time for seeking such review" and does not contemplate tolling the time for filing based on the pendency of collateral review, it is clear that Petitioner's convictions became final on July 19, 1991 (doc. nos. 7-1, 7-2; see also doc. no. 7-4, p. 3), and that Petitioner's 1995 motion to correct a void sentence had no effect on that finality. Notably, were the Court to construe that motion as "direct review" such that Petitioner's convictions were not final during the motion's pendency – which it does not – the Court would render meaningless the statutory language concerning the "expiration of the time for seeking such review:" the time for seeking direct review would simply *never* expire, given that, as explained in the Court's September 20th Order, a motion to correct a void sentence can be brought at any time under O.C.G.A. § 17-9-4. (See doc. no. 16, p. 6.)

13

innocent of the charged crimes." (Id. at 6.) However, his allegation of innocence is unsupported by any facts which, if proven, would allow the court to excuse his default and adjudicate his defaulted claims on the merits. See Schlup v. Delo, 513 U.S. 298, 315 (1995); Murray, 477 U.S. at 496. The Supreme Court has held that "[t]o be credible, . . . a claim [that constitutional error has caused the conviction of an innocent person] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup, 513 U.S. at 324.

Here, Petitioner's argument appears to be that, because in his plea agreement he agreed to a life sentence for a kidnapping charge that he contends carries a maximum possible sentence of twenty years, he is in fact innocent of that crime. (Doc. no. 25, p. 7.) However, the case to which Petitioner cites in support of his proposition that "a federal habeas court can excuse the procedural default to correct a fundamentally unjust incarceration" (id.) is simply not on point, and does not stand for that proposition. Specifically, in the cited case, the Supreme Court held that an alleged error in sentencing in a capital trial did *not* warrant overlooking a procedural default and that, moreover, it did not show "actual innocence" of the underlying crime. Dugger v. Adams, 489 U.S. 401, 410 n.6 (1989). In fact, the Supreme Court has made abundantly clear that the miscarriage of justice exception is to be used only in "rare" circumstances that are tied to the petitioner's innocence and where a constitutional error "probably resulted in the conviction of one who was actually innocent." Schlup, 513 U.S. at 299. Here, Petitioner does not contend that he is actually innocent of the kidnapping for which he was sentenced; instead, he merely alleges that the

sentence imposed was improperly lengthy given the kidnapping's classification. Whatever the merits of that contention, the fact remains that Petitioner does not challenge his culpability for the kidnapping itself, and therefore is not "actually innocent" within the contemplation of the Supreme Court.[7] Notably, Petitioner does not point to any valid authority showing otherwise.[8]

In sum, Petitioner's federal petition is procedurally barred and Petitioner has shown neither cause and prejudice, nor ineffective assistance of counsel, nor a miscarriage of justice that might justify the Court's consideration of his claims despite his default. Petitioner's convictions became final in July of 1991, and he did not make any attempt to file a state habeas petition until August of 2010, nearly twenty years later, despite being granted a four-year grace period under O.C.G.A. § 9-14-42 that ended in July of 2008. Accordingly, the Court finds that all of Petitioner's claims are barred from review and that they do not provide a basis for granting federal habeas corpus relief.

---

[7] Although not a dispositive factor in its analysis, the Court additionally notes that the actual duration of Petitioner's incarceration would remain unchanged were the sentence for his kidnapping charge reduced to the twenty years that he asserts is the correct maximum, given that he is also serving two life sentences for murder and sixty-seven years for the other charges. It is also worth noting that the "rare" circumstances under which the Supreme Court has contemplated considering defaulted claims because of a showing of actual innocence and a miscarriage of justice typically concern a prisoner who has been sentenced to the death penalty, which is not the case here. See, e.g., Schlup, 513 U.S. at 301; McCleskey, 499 U.S. at 503; Dugger 489 U.S. at 403.

[8] Additionally, to the extent that Petitioner attempts to argue that the state prosecutor's alleged perjury and fraud "inherently [result] in a complete miscarriage of justice" that might provide a basis to excuse his default (doc. no. 25, p. 16), Petitioner fails to point to any valid authority supporting that bald assertion. Any claim based on the prosecutor's alleged perjury and fraud – like Petitioner's other claims here – is procedurally barred, and is not relevant to the Court's analysis of whether the procedural bar should be excused.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 14th day of February, 2013, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE