IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DAVID HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 111-203 |
| | ) | |
| JASON MEDLIN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 28). Petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Magistrate Judge found that Petitioner's claims were procedurally defaulted and that, accordingly, his federal petition was barred due to his failure to file his state petition by July 1, 2008, the end of the four-year grace period for challenging convictions that became final prior to July 1, 2004, which was established by O.C.G.A. § 9-14-42(c). (See doc. no. 26, pp. 10-12.) Additionally, the Magistrate Judge noted that Petitioner did not show cause or prejudice as to his default, nor did he show that he was actually innocent of crimes for which he was convicted such that the claims in his federal petition needed to be considered to avoid a fundamental miscarriage of justice. (Id. at 12-15.)

In his objections, which are notably conclusory and without merit, Petitioner

essentially attempts to improperly recharacterize a number of the claims set forth in his petition – all of which, as noted, are procedurally barred (id. at 11-15) – as grounds for his over-arching assertion that the denial of his petition will result in a fundamental miscarriage of justice. (See generally doc. no. 28.) However, the Magistrate Judge clearly explained the rare circumstances under which the fundamental miscarriage of justice exception is appropriate (doc. no. 26, p. 14), and Petitioner does not demonstrate in his objections that such circumstances exist here. Petitioner's continued protestations of actual innocence, ineffective assistance of counsel, and "malicious fraudulent misrepresentation" by the prosecution are entirely unsubstantiated and do not provide any grounds for departing from the Magistrate Judge's recommendation. Any further objections not directly addressed herein are likewise without merit. Thus, Petitioner's objections are **OVERRULED**.[1] Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, the instant petition brought pursuant to 28 U.S.C. § 2254 is **DENIED**.

Furthermore, a prisoner seeking relief under 28 U.S.C. § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters

---

[1] Moreover, Petitioner's "Motion for Court to Take Judicial Notice of Facts," in which he essentially restates a number of assertions from Respondent's brief concerning occurrences at the trial level, adds nothing new to the record and, to the extent that it was submitted for such a purpose, provides no basis for departing from the Magistrate Judge's recommendation. (Doc. no. 29.) In fact, Petitioner's intent in filing the motion is unclear: although he asks that the Court take judicial notice of a list of purported facts (id. at 1), those "facts," as explained, are each based on assertions in Respondent's brief (see doc. no. 20-1, pp. 18-20), and they are thus already in the record. Accordingly, Petitioner's motion is **DENIED as MOOT**.

2

a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[2] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, this civil action is **CLOSED**, and a final judgment shall be **ENTERED** in favor of Respondent.

SO ORDERED this 20th day of March, 2013, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2]"If the court denies a certificate, [a party] may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.